IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAJEE McCOY, | ) | |
| Petitioner, | ) | Civil Action No. 15-cv-66 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY L. MEEKS, | ) | |
| Respondent. | ) | |

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by the Petitioner, Najee McCoy. For the reasons set forth below, the petition is dismissed as moot.

**I.**

In his petition for a writ of habeas corpus [ECF No. 1], which he filed pursuant to 28 U.S.C. § 2241, the Petitioner contended that the Bureau of Prisons (the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, United States v. Wilson, 503 U.S. 329 (1992), erred in computing his federal sentence. He claimed that he is entitled to additional sentencing credit and he sought an order from this Court that directed that he be released immediately.

Petitioner's sentence expired in April 2016 and he has been released from BOP custody. It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Constitution. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "'To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (emphasis added) (quoting

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990), which cited Allen v. Wright, 468 U.S. 737, 750-51 (1984) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-78. See also Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013); BRIAN R. MEANS, Federal Habeas Manual § 1:66, WestlawNext (database updated May 2016).

Applying the above precepts to this case, the Court must conclude that the petition is moot. Because the Petitioner's federal sentence has expired and he has been released from BOP custody, there is no longer any relief that this Court can provide to him. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

## **II.**

For the reasons set forth above, the petition for a writ of habeas corpus and is dismissed as moot.[2] An appropriate order follows.


Dated:　August 19, 2016　　　　　　　/s/ Susan Paradise Baxter
　　　　　　　　　　　　　　　　　　SUSAN PARADISE BAXTER
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] **Error! Main Document Only.**28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas petition are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, — U.S. — ,132 S.Ct. 641 (2012). As such, this Court makes no certificate of appealability determination in this matter.

Notice via CM/ECF to Respondent and
via first-class mail to Petitioner at his address of record: [3]

    Najee McCoy
    63977-050
    McKean Federal Correctional Institution
    Inmate Mail/Parcels
    P.O. Box 8000
    Bradford, PA 16701

---

[3] This Court expressly advised the Petitioner that he is under a continuing obligation to notify the Court of any change of address. [ECF No. 3]. He has not done so. Therefore, although the Petitioner is no longer incarcerated at FCI McKean, it is still his address of record because the Petitioner has not notified the Court of his current address.